OPINION
{¶ 1} Respondent-appellant, Jenay Whitney ("appellant"), appeals from an anti-stalking civil protection order ("CPO") issued by the Franklin County Court of Common Pleas, prohibiting appellant from, inter alia, being present within 500 yards of petitioner-appellee, Jack Reynolds ("appellee"), for a period of nearly five years.
 {¶ 2} Appellant and appellee were formerly romantically involved with one another. Their relationship ended in late 2002 or early 2003. On July 25, 2003, appellee filed a petition for an ex parte CPO against appellant. The court granted the ex parte CPO, and referred the matter to a magistrate for a full hearing, which was held on July 31, 2003. Both parties attended. Immediately following the hearing, the magistrate signed a CPO, which was journalized the same day. Appellant filed objections to the magistrate's decision, which were fully briefed by both parties. By decision journalized October 9, 2003, the trial court overruled appellant's objections and adopted the magistrate's decision in full. By entry journalized October 23, 2003, the court made the July 31, 2003 CPO an order of the court, including the five-year duration thereof. This appeal followed.
 {¶ 3} Appellant asserts eight assignments of error for our review, as follows:
Assignment Of Error I: The Trial Court Erred As A Matter Of Law In Failing To Conduct A De Novo Review Of Appellant's Objections.
Assignment Of Error II: The Trial Court Erred As A Matter Of Law In Finding That It Had Jurisdiction To Hear Appellee's Cause.
Assignment Of Error III: The Trial Court Erred As A Matter Of Law In Overruling Appellant's Objection To The Magistrate's Finding That She Had Engaged In Menacing By Stalking In Violation Of ORC 2903.211.
Assignment Of Error IV: The Trial Court Abused Its Discretion In Overruling Appellant's Objection To The Magistrate's Finding That Her Faxes Contained Implied Threats.
Assignment Of Error V: The Trial Court Abused Its Discretion In Overruling Appellant's Objection To The Magistrate's Finding That She Did Not Stop Contacting Appellee After Being Told To Stop.
Assignment Of Error VI: The Trial Court Abused Its Discretion In Finding That Letters Sent By Appellant Were Sufficient Basis For An Anti-Stalking Order.
Assignment Of Error VII: The Trial Court Erred As A Matter Of Law In Finding That The Conduct Of Appellant's Husband Was Sufficient Basis For An Anti-Stalking Order Against Appellant.
Assignment Of Error VIII: The Trial Court Erred As A Matter Of Law In Finding That The Evidence Adduced At Hearing Established Good Cause For Issuance Of A Protection Order In Accordance With ORC 2903.214.
 {¶ 4} We address appellant's second assignment of error first, as the same is dispositive of this appeal. Appellant argues that the judgment should be reversed because the trial court did not have jurisdiction over the subject matter of appellee's petition. Specifically, appellant argues the court did not have the authority to issue a CPO to protect appellee, who resides in Fairfield County. Appellee does not dispute that he resides in Fairfield County, but argues that venue is proper in Franklin County pursuant to Civ.R. 3. He further argues that appellant cannot demonstrate that she suffered prejudice due to the fact that appellee's petition was heard in Franklin County.
 {¶ 5} Appellee's venue argument is inapposite because appellant's assignment of error charges that the trial court had no jurisdiction. Venue and jurisdiction are distinct legal concepts. "Venue, of course, is to be distinguished from jurisdiction. `Jurisdiction connotes the power to hear and decide a case on its merits, while venue connotes locality, the place where the suit should be heard.'" State ex rel. Dunbar v. Ham
(1976), 45 Ohio St.2d 112, 115, quoting New York, Chicago St.Louis Rd. Co. v. Matzinger (1940), 136 Ohio St. 271, 276; andMorrison v. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus.
 {¶ 6} Appellee's prejudice argument is equally unavailing. The existence or nonexistence of prejudice is of no moment when a court has exercised its powers in a matter over which it is not possessed of subject matter jurisdiction. A judgment rendered by a court lacking subject matter jurisdiction is void ab initio.Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Therefore, if the court of common pleas lacked subject matter jurisdiction over appellee's CPO petition, its judgment is void and must be vacated.
 {¶ 7} R.C. 2903.214 governs the filing of a petition for a CPO. R.C. 2903.214(B) provides, "[t]he court has jurisdiction over all proceedings under this section." "Court," as used in R.C. 2903.214(B) is defined as, "the court of common pleas of the county in which the person to be protected by the protection order resides." R.C. 2903.214(A)(1).
 {¶ 8} It is apparent from the plain language of R.C.2903.214, and from the record, that the court of common pleas lacked jurisdiction to render the October 23, 2003 judgment in the present case. Thus, the judgment was a nullity and must be vacated. See Patton, supra, at 70. Accordingly, we sustain appellant's second assignment of error.
 {¶ 9} Our disposition of appellant's second assignment of error renders moot her remaining assignments of error. Appellant's first assignment of error is moot because appellee's original petition indicates that appellee resides in Lancaster, Ohio, which is not in Franklin County, Ohio. Thus, because it was apparent from the face of the petition that the Franklin County Court of Common Pleas had no jurisdiction over it, the trial court should not have referred the matter to a magistrate in the first instance; rather, it should have dismissed the petition immediately.
 {¶ 10} Though appellant did not raise the issue of jurisdiction when she appeared pro se at the hearing before the magistrate, she did raise the issue in her objections to the magistrate's decision. Appellant was not required to raise this issue at any particular time, as it is well-settled that a court's lack of subject matter jurisdiction can be raised at any time during the course of a legal proceeding, and this issue cannot be waived. In re Byard (1996), 74 Ohio St.3d 294, 296;White v. America West Airlines, Inc., 152 Ohio App.3d 14, 18,2003-Ohio-1182, ¶ 16.
 {¶ 11} Once appellant did bring the issue to the court's attention, the court should have dismissed the action, whereupon there would have been no need for a ruling on any other objection. See Civ.R. 12(H)(3), which provides, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall
dismiss the action." (Emphasis added.)
 {¶ 12} Appellant's third, fourth, fifth, sixth, seventh and eighth assignments of error are also moot, since they involve the sufficiency of the evidence presented to the magistrate. Because the Franklin County Court of Common Pleas did not have jurisdiction to hear this matter, we need not review the sufficiency of the evidence presented in the proceedings below.
 {¶ 13} Appellant's second assignment of error is sustained, her first, third, fourth, fifth, sixth, seventh and eighth assignments of error are overruled as moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to vacate its October 23, 2003 judgment.
Judgment reversed and remanded with instructions.
Bryant and Brown, JJ., concur.