[Cite as *Zielinski-Barnwell v. Prewitt*, 2014-Ohio-3761.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Jessy Zielinski-Barnwell                    Court of Appeals No. WD-13-070

    Appellee                                 Trial Court No. 13DV076

v.

Andrew W. Prewitt                           **DECISION AND JUDGMENT**

    Appellant                                Decided:  August 29, 2014

* * * * *

Andrew W. Prewitt, pro se.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Andrew Prewitt, appeals the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, denying his motion to dismiss for lack of subject matter jurisdiction and his request for sanctions under Civ.R. 11.

### A.  Facts and Procedural Background

{¶ 2} This appeal arises out of an action filed by appellee, Jessy Zielinski-Barnwell, in which she sought a domestic violence civil protection order prohibiting

appellant from contacting her on the basis that she had been threatened by appellant. Following an ex parte hearing, the trial court granted a temporary protection order and set the matter for a full hearing. Before the hearing could be conducted, appellant filed a motion for sanctions, alleging that appellee and her attorney filed a fraudulent affidavit to obtain the temporary order. Subsequently, a full hearing was held on August 8, 2013.

{¶ 3} At the hearing, appellee testified concerning appellant's allegedly threatening demeanor that took place on two separate occasions while she was attending her daughter's horseback riding lessons. Appellant is the father of the child and was also in attendance. On the first occasion, the parties had a disagreement involving an upcoming horseshow. Specifically, appellee was concerned that appellant was interfering with her parenting time by asking her to bring their daughter to the horseshow. Appellee testified that appellant raised his voice in a threatening manner, but her testimony was not corroborated at the hearing. On the contrary, appellant, his mother, and another witness testified that appellant did not raise his voice at this time.

{¶ 4} On the second occasion, appellee was sitting in the back seat of her automobile with her infant when appellant approached the vehicle and began looking inside. As appellant was walking away from the vehicle, appellee opened the door and asked him what he wanted. Once again, appellee testified that appellant raised his voice in a threatening manner. Indeed, she proceeded to call the police, who arrived on the

2.

scene and remained until appellee was ready to leave. Appellee provided no corroborating testimony to support her assertions that appellant raised his voice or threatened her in any manner.

{¶ 5} On August 16, 2013, the court issued its judgment entry denying appellee's petition. In its entry, the court found that appellee failed to prove that appellant engaged in domestic violence. Later that day, appellant filed a motion to dismiss the matter for lack of subject matter jurisdiction under Civ.R. 12(B)(1). In his motion, appellant argued that the trial court was without jurisdiction insofar as appellee is a resident of Adrian, Michigan.

{¶ 6} On September 30, 2013, the trial court issued its order denying appellant's outstanding motions. With respect to appellant's motion for sanctions, the court found that appellee's actions were not frivolous and did not constitute a sham or an abuse of process. Concerning the motion to dismiss, the trial court found that its decision denying appellee's petition rendered the motion moot. Consequently, the trial court denied appellant's motions. Thereafter, appellant filed his timely notice of appeal.

### B. Assignments of Error

{¶ 7} On appeal, appellant assigns the following errors for our review:

1. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT GRANTING AND SUBJECTING APPELLEE AND HER ATTORNEY OF RECORD TO CIVIL RULE 11 SANCTIONS.

3.

2. THE TRIAL COURT ERRED AND ABUSED ITS

DISCRETION BY NOT GRANTING APPELLANT'S MOTION VOID

AB INITIO DUE TO WRONG JURISDICTION.

## II. Analysis

{¶ 8} In his first assignment of error, appellant argues that the trial court abused its discretion when it denied his motion for sanctions under Civ.R. 11. We review the trial court's decision on a Civ.R. 11 motion for sanctions for an abuse of discretion. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 18. An abuse of discretion connotes that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} Civ.R. 11 states, in relevant part:

Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule,

an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶ 10} Here, appellant argues that appellee misstated the facts in her affidavit supporting the temporary order. Appellant contends that the testimony provided at the hearing directly contradicts appellee's assertion that appellant approached her in a threatening manner on several occasions. Moreover, he argues that the facts affirmatively demonstrate that the child was not present during the verbal disagreements, contrary to appellee's statements. We note at the outset that Civ.R. 11 sanctions are limited to "an attorney or pro se party." *T.M. v. J.H.*, 6th Dist. Lucas Nos. L-10-1014, L-10-1034, 2011-Ohio-283, ¶ 98 (stating that Civ.R. 11 sanctions "may only be imposed upon attorneys or, in certain circumstances, pro se litigants"). Appellee, who was represented by counsel, is neither an attorney nor a pro se litigant. Thus, Civ.R. 11's provisions do not apply to her. Further, after carefully examining the record and the hearing transcript, we find nothing to suggest that appellee's attorney engaged in any acts which would give rise to sanctions under Civ.R. 11. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 11} In his second assignment of error, appellant argues that the trial court erred in denying his motion to dismiss under Civ.R. 12(B)(1). We review a ruling on a Civ.R.

5.

12(B)(1) motion to dismiss for lack of subject matter jurisdiction de novo. *Hull v. Columbia Gas of Ohio*, 160 Ohio App.3d 695, 2005-Ohio-2089, 828 2d 677, ¶ 11 (6th Dist.).

{¶ 12} Appellant argues that the trial court lacked subject matter jurisdiction because appellee is not a resident of Wood County. R.C. 2903.214 governs the filing of a petition for a civil protection order. Regarding subject matter jurisdiction, R.C. 2903.214(B) provides: "*The court* has jurisdiction over all proceedings under this section." (Emphasis added). The "court" is defined under (A)(1) as "the court of common pleas of the county in which the person to be protected by the protection order resides."

{¶ 13} Here, appellee's counsel acknowledged that appellee is a resident of Adrian, Michigan. In response, the court indicated its reluctance to proceed with the matter, stating: "I'm just curious why this is filed here in Wood County instead of in petitioner's home." Nevertheless, the court proceeded to grant the temporary protection order and continued the matter for a full hearing.

{¶ 14} Based on the plain language of R.C. 2903.214, we find that the trial court lacked subject matter jurisdiction over the proceedings. Regarding the court's conclusion that the denial of appellee's petition mooted the issue, we note that "a court's lack of subject matter jurisdiction can be raised at any time during the course of a legal proceeding, and this issue cannot be waived." *Reynolds v. Whitney*, 10th Dist. Franklin No. 03AP-1048, 2004-Ohio-1628, ¶ 10. Further, the court has an obligation to dismiss

6.

the action sua sponte "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter." Civ.R. 12(H)(3). Thus, we conclude that the trial court erred in denying appellant's motion to dismiss.

{¶ 15} Accordingly, appellant's second assignment of error is well-taken. Because we find that the court lacked subject matter jurisdiction, the trial court's judgment was a nullity and must be vacated. *Reynolds* at ¶ 8, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

### III.  Conclusion

{¶ 16} In light of the foregoing, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is reversed and vacated.  Costs are hereby assessed to appellee in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Stephen A. Yarbrough, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.