[Cite as *Jones v. Carpenter*, 2017-Ohio-440.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark E. Jones et al., | : | |
| Plaintiffs-Appellees/ [Cross-Appellants], | : | |
| | : | No. 16AP-126 |
| v. | | (C.P.C. No. 13CV-8943) |
| | : | |
| Ronda Carpenter et al., | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants/ [Cross-Appellees]. | : | |
| | : | |

D E C I S I O N

Rendered on February 7, 2017

**On brief:** *David K. Lowe*, for plaintiffs-appellees. **Argued:** *David K. Lowe.*

**On brief:** *Eugene R. Butler Co., L.P.A.*, and *Eugene R. Butler*, for defendants-appellants. **Argued:** *Eugene R. Butler.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendants-appellants, Ronda and Arthur Carpenter, appeal from judgments of the Franklin County Court of Common Pleas that (1) awarded them $8,602.79 in damages and (2) denied their motion for a new trial. Plaintiffs-appellees, Mark E. Jones and A&A Towing, Inc., have filed a cross-appeal alleging error in the judgment awarding the Carpenters damages. We dismiss this appeal because we lack jurisdiction over it.

{¶ 2}   This case arises out of Ronda Carpenter's sale of all the stock of A&A Towing to Jones.  Carpenter and Jones each believe that the other has violated the purchase agreement.  Jones and A&A Towing initially filed suit, and the Carpenters responded with a counterclaim.

{¶ 3}   In the amended complaint, plaintiffs alleged claims for breach of contract, unjust enrichment, and intentional and/or negligent misrepresentation.  Plaintiffs also requested a declaratory judgment stating the meaning of particular terms of the purchase agreement.  In the amended counterclaim, defendants alleged claims for breach of contract, forfeiture of A&A Towing's stock and assets, and abuse of process.  Defendants also requested injunctive relief ordering plaintiffs to comply with the terms of the purchase agreement.

{¶ 4}   The parties tried their case in a bench trial.  On December 29, 2015, the trial court issued a judgment that, in relevant part, stated:

> Upon review of all admissible evidence and testimony, the Court finds that both parties breached the contract.  The Court finds for Plaintiffs, as to Count 1 of the Complaint, in the amount of $53,797.21.  The Court finds for Defendants on Count 1 of the Counterclaim in the amount of $62,400.00.  Therefore, Judgment is entered in favor of the Defendants in the amount of $8,602.79 with statutory interest from the date of Judgment.

(Dec. 29, 2015 Jgmt. Entry.)  Subsequent to the December 29, 2015 judgment, defendants moved for a new trial to correct the amount of damages awarded them.  In a judgment issued February 19, 2016, the trial court denied that motion.  Defendants then initiated this appeal, and plaintiffs filed a cross-appeal.

{¶ 5}   Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."  Consequently, an order must be final before an appellate court may review it.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14.  If an order is not final, then an appellate court has no jurisdiction over it.  *Id.*

{¶ 6}   An appellate court has a duty to sua sponte examine any deficiencies in its jurisdiction.  *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-

Ohio-2421, ¶ 8. Upon a determination that a party has taken an appeal from an order that is not final and appealable, an appellate court must dismiss the appeal. *Id.*; *Kierland Crossing, LLC v. Ruth's Chris Steak House, Inc.*, 10th Dist. No. 11AP-627, 2011-Ohio-5626, ¶ 5.

{¶ 7} To qualify as a final, appealable order, the order at issue must satisfy the requirements of R.C. 2505.02. *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. If the action involves multiple claims, and the order does not enter a judgment on all the claims, the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Id.*, quoting Civ.R. 54(B).

{¶ 8} R.C. 2505.02(B) lists the various types of orders that constitute final, appealable orders. Only R.C. 2505.02(B)(1) potentially applies to the trial court's December 29, 2015 judgment. R.C. 2505.02(B)(1) provides that an order is a final, appealable order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). For an order to determine an action and prevent a judgment for the party appealing, the order " 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 7.

{¶ 9} Here, the trial court's December 29, 2015 judgment decided both plaintiffs' and defendants' claims for breach of contract. A party's right to the enforcement and performance of a contract involves a substantial right. *Kierland Crossing* at ¶ 8. Thus, by finding that both parties had breached the purchase agreement and determining the amount of damage done by each side's respective breach, the trial court affected the parties' substantial rights. Additionally, because the trial court completely resolved each side's claim for breach of contract, the December 29, 2015 judgment disposed of a distinct branch of the action and left nothing for further determination. The judgment, therefore, qualifies as a final, appealable order under R.C. 2505.02(B)(1).

{¶ 10} In many cases, a determination that a judgment satisfies R.C. 2505.02(B)(1) would end our analysis and result in the conclusion that the judgment is a final, appealable order. This case, however, is different because it involves multiple claims. Thus, we must also determine whether the December 29, 2015 judgment complies with Civ.R. 54(B). *IBEW* at ¶ 7.

{¶ 11} According to Civ.R. 54(B):

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay.

Without the necessary Civ.R. 54(B) language, a judgment that adjudicates fewer than all the claims "shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." Civ.R. 54(B); *accord Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989) ("Unless [the] words ["there is no just reason for delay"] appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable."). Because such a judgment is not final, an appellate court may not review it. *IBEW* at ¶ 8.

{¶ 12} Both plaintiffs' complaint and defendants' counterclaim pleaded four claims. The December 29, 2015 judgment only disposed of two of the combined eight claims. Consequently, for the December 29, 2015 judgment to qualify as a final, appealable order, it had to include Civ.R. 54(B) language. No such language appears in the judgment. Accordingly, we conclude that the December 29, 2015 judgment is not a final, appealable order, and we lack jurisdiction to review it.

{¶ 13} We reach this conclusion even though the December 29, 2015 judgment proclaims that "[t]his is a final, appealable order." (Dec. 29, 2015 Jgmt. Entry.) A trial court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final. *IBEW* at ¶ 8.

{¶ 14} In addition to the December 29, 2015 judgment, defendants also appeal the February 19, 2016 judgment denying their motion for a new trial. A party may only appeal a judgment denying a post-trial motion, such a motion for new trial, if an

underlying final, appealable order exists. *State ex rel. Bd. of State Teachers Retirement Sys. v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 48; *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 17; *accord Jenkins v. Northeastern Local Bd. of Edn.*, 2d Dist. No. 16CA0002, 2016-Ohio-7099, ¶ 10 (a judgment overruling the appellant's post-trial motions was not a final, appealable order where the underlying judgment was not a final, appealable order); *Epic Properties v. OSU LaBamba, Inc.*, 10th Dist. No. 07AP-44, 2007-Ohio-5021, ¶ 18 (a judgment denying a motion for new trial was not a final, appealable order where the underlying judgment was not a final, appealable order). Here, because the December 29, 2015 judgment is not a final, appealable order, defendants may not appeal the February 19, 2016 judgment.

{¶ 15} For the foregoing reasons, we conclude that we lack jurisdiction over this appeal, and thus, we dismiss it.

*Appeal dismissed.*

TYACK, P.J., and SADLER, J., concur.

_____