[Cite as *M.W. v. D.M.*, 2018-Ohio-392.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105758**

# M.W.

PETITIONER-APPELLEE

vs.

# D.M.

RESPONDENT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-870105

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

**FOR APPELLANT**

D.M., pro se
2 Bell Lane
Burlington Township, New Jersey   08016


**ATTORNEY FOR APPELLEE**

Ellen S. Mandell
25700 Science Park Drive, Suite 160
Beachwood, Ohio   44122-7317

SEAN C. GALLAGHER, P.J.:

{¶1}   Respondent-appellant, representing himself pro se, appeals a civil stalking protection order that is effective until 2022.   We affirm.

{¶2} Petitioner-appellee sought a protection order to preclude the respondent from contacting her.  In support of the allegations, numerous emails were provided in which petitioner expressly asked respondent to refrain from further contact with her. Respondent believed petitioner to be his biological daughter and attempted to establish a relationship that petitioner, now an adult, does not desire.   Respondent continually contacted petitioner, becoming increasingly hostile and, in addition, sought medical testing to determine paternity.   In one of the emails sent to petitioner, respondent went so far as to reference a biblical verse, which if considered in the literal sense, stated that death is the penalty for failing to honor a parent.   In light of the unwanted, persistent, and increasingly hostile contact, the petitioner alleged that respondent's actions caused her mental distress.

{¶3} The action proceeded before a magistrate, who found in favor of the petitioner at a full hearing.  Respondent failed to appear at the full hearing and did not file objections to the magistrate's decision.  The trial court entered the full protection order, and this timely appeal followed.

{¶4} At the outset, we must highlight a procedural change that affects the scope of appellate review.  The proceedings below are governed by Civ.R. 65.1.  *Schneider v. Razek*, 2015-Ohio-410, 28 N.E.3d 591, ¶ 29 (8th Dist.).   Civ.R. 65.1(G) was amended

effective July 1, 2016, and provides that any order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final appealable order. We, therefore, have jurisdiction over this appeal. However, a party must timely file objections to a magistrate's decision under Civ.R. 65.1(F)(3)(d) before filing an appeal. Civ.R. 65.1(G). The filing of objections tolls the time to appeal. *Id.*

{¶5} Respondent did not file objections to the magistrate's decision. In considering this situation, there is a split of authority with respect to the effect of such a failure. At least one district has held that an appellate court lacks jurisdiction over the appeal. *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 21; *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, ¶ 18. Another has held that Civ.R. 65.1(G) does not create a jurisdictional bar. *Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 19.

{¶6} "An appellate court has a duty to sua sponte examine any deficiencies in its jurisdiction." *Jones v. Carpenter*, 2017-Ohio-440, 84 N.E.3d 259, ¶ 6 (10th Dist.), quoting *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. Franklin No. 13AP-843, 2014-Ohio-2421, ¶ 8. Civ.R. 65.1(G) specifically defines any order granting a protection order after a full hearing as a final appealable one. Thus, we have jurisdiction over the final order entered in this case.

{¶7} We acknowledge that the requirement to file objections to the magistrate's decision under Civ.R. 65.1(F)(3)(d) is mandatory — any party wishing to object to the legal conclusions or wishing to demonstrate that the credible evidence is insufficient

bears the burden of demonstrating such in timely filed objections. The failure to comply with Civ.R. 65.1(G), however, is not jurisdictional. The rule provides to the contrary. Thus, any prevailing party must at the least timely raise the procedural defect. In this case, petitioner has not challenged the scope of our review based on respondent's failure to file objections to the magistrate's decision. Any procedural error has been forfeited, and we need not address this issue beyond determining that we possess jurisdiction to entertain the appeal.

{¶8} In his first and third assignments of error, respondent claims that the trial court was without subject-matter jurisdiction because there was no allegation establishing that the petitioner resided in Cuyahoga County.

{¶9} "When a petitioner seeks a civil protection order from a common pleas court in a county in which he does not reside, the court lacks subject matter jurisdiction over the case." _Vilk v. DiNardo_, 8th Dist. Cuyahoga No. 103755, 2016-Ohio-5245, ¶ 12, citing *Reynolds v. Whitney*, 10th Dist. Franklin No. 03AP-1048, 2004-Ohio-1628, ¶ 8; R.C. 2903.214(A)(1). "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio." *Id.*, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. There is no requirement, however, to include an allegation establishing subject-matter jurisdiction in a pleading.

{¶10} Petitioner filed the petition using an address that was not her home residence. As reflected in the form documents, petitioner listed a "safe address" to shield her current address from the respondent. Using a "safe address" does not divest the trial

court of subject-matter jurisdiction so long as the petitioner can establish a statutory basis for invoking the jurisdiction when called upon.

{¶11} Invoking the jurisdiction of a court "'depends on the state of things at the time of the action brought.'" *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 25, quoting *Mollan v. Torrance*, 22 U.S. 537, 539, 6 L.Ed. 154 (1824). Importantly, there is a legal distinction between the state of things at the time the action is brought and the allegations advanced in the pleading — a "demonstration that the original allegations were false will defeat jurisdiction." *Id.*, quoting *Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). A trial court, "is not confined to the allegations of the complaint when considering the issue of subject-matter jurisdiction and may consider affidavits and testimony for that purpose." *Everbank v. Vanarnhem*, 3d Dist. Union No. 14-13-02, 2013-Ohio-3872, ¶ 33, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus. Thus, the failure to allege facts in support of subject-matter jurisdiction is not fatal. Once challenged, however, the basis for subject-matter jurisdiction must be supported with evidence.

{¶12} There is a territorial limitation with respect to civil stalking protection orders commenced under R.C. 2903.214(A)(1). In order to commence an action in the Cuyahoga County Court of Common Pleas, the petitioner must reside in Cuyahoga County. It is undisputed that petitioner resided within the territorial limits of the trial

court at the time the petition was filed, as established during petitioner's testimony at the full hearing and in an affidavit she filed in response to respondent's motion to dismiss. That evidence satisfied the prerequisite under R.C. 2903.214(A)(1).[1]  The first and third assignments of error are overruled.

{¶13} In the second and sixth assignments of error, respondent claims that the petitioner failed to satisfy the long-arm statute for the purpose of establishing personal jurisdiction because the electronic communications he sent to the petitioner were not sufficient to establish his connection with Ohio.

{¶14} Under R.C. 2307.382(A)(3), a court may exercise personal jurisdiction over a party who causes tortious injury by an act or omission in Ohio.  It has been recognized that the existence of telephonic and electronic communications that originate from out-of-state respondents to in-state petitioners satisfies Ohio's long-arm statute for the purpose of protection orders as long as the content of the communications forms the basis of the alleged tortious conduct.  *Burnett v. Burnett*, 6th Dist. Sandusky No. S-10-050, 2012-Ohio-2673, ¶ 21.

{¶15} In this case, petitioner's allegations stem from the electronic communications attached to the petition and introduced during the full hearing.  Thus, the petition was entirely based on the content of the electronic communications

---

[1]Although courts have considered R.C. 2903.214(A)(1) under subject-matter jurisdiction review, even if we considered this as a matter of the court's territorial jurisdiction, a plaintiff is not required to allege a basis for involving the court's territorial jurisdiction.  *Wilson v. Riders Gear, Ltd.*, 5th Dist. Licking No. 2004 CA 00119, 2005-Ohio-2844, ¶ 11.

respondent sent to petitioner in Ohio. Petitioner established a basis for exercising personal jurisdiction over respondent under R.C. 2307.382(A)(3). The second and sixth assignments of error are overruled.

{¶16} In the fourth assignment of error, respondent claims the trial court erred in providing a 41-day period to conduct written discovery. In his motion to dismiss, respondent threatened that "unless the action is dismissed, respondent shall seek through discovery petitioner's medical health records and diagnosis history and treatment for any preexisting and/or current psychological disorders related to her adoption and 'crack baby' status."

{¶17} Civ.R. 65.1(D) permits a short period of discovery, to be completed before the time set for the full hearing and under the terms and conditions deemed by the court necessary to assuring the safety of the petitioner. Respondent has not demonstrated the trial court abused its discretion in limiting the scope of discovery given the nature of the action, much less has he provided any support for the proposition that a respondent is entitled to the petitioner's complete medical records upon filing a petition for a civil stalking protection order. App.R. 16(A)(7). The fourth assignment of error is overruled.

{¶18} In the fifth assignment of error, respondent claims the trial court erred in denying his motion to continue the full hearing. The motion was filed the day before the hearing and after the trial court had already continued the matter for well over a month to permit discovery. According to the respondent, a continuance was necessary in order to

permit the trial court to reconsider the jurisdictional arguments previously rejected by the court. In light of our conclusion that the trial court possessed subject-matter jurisdiction and that the court's personal jurisdiction under the long-arm statute was established, we overrule the fifth assignment of error.

{¶19} In the seventh through tenth assignments of error, respondent challenges the weight of the evidence offered in support of the civil stalking protection petition. Respondent contends that the petitioner "conducted herself in an irrational, controlling, selfish, mean-spirited, disrespectful, and narcissistic manner since she was first contacted by" respondent, and therefore, the petitioner failed to demonstrate that a protection order was warranted under R.C. 2903.214. Respondent is essentially asking this court to review his version of the events that transpired and reject petitioner's characterization introduced through her testimony at the full hearing. Respondent did not appear at the full hearing and did not challenge the petitioner's credibility or introduce evidence in support of any defense to the civil stalking protection order.

{¶20} "In civil cases, a reviewing court will not reverse a judgment if that judgment is supported by some competent, credible evidence going to all elements of the claim." *Odita v. Phillips*, 10th Dist. Franklin No. 09AP-1172, 2010-Ohio-4321, ¶ 35, citing *Coffman v. Mansfield Corr. Inst.*, 10th Dist. Franklin No. 09AP-447, 2009-Ohio-5859. "For a civil stalking protection order to issue, the trial court must find that the petitioner has shown by a preponderance of the evidence the respondent committed an act against the petitioner that would constitute menacing by stalking under

R.C. 2903.211." *Vega v. Tomas*, 8th Dist. Cuyahoga No. 104647, 2017-Ohio-298, ¶ 10, citing *Lewis v. Jacobs*, 2d Dist. Montgomery No. 25566, 2013-Ohio-3461, ¶ 9. Menacing by stalking is defined in part, under R.C. 2903.211(A)(1) as engaging in a "pattern of conduct" that causes mental distress to another person. *Id.* The legislature defined "pattern of conduct" to include

> two or more actions or incidents closely related in time, whether or not
> there has been a prior conviction based on any of those actions or incidents
> or the posting of messages, use of intentionally written or verbal graphic
> gestures, or receipt of information or data through the use of any form of
> written communication or an electronic method of remotely transferring
> information, including, but not limited to, a computer, computer network,
> computer program, computer system, or telecommunications device, may
> constitute a "pattern of conduct."

*Id.* at ¶ 14, quoting R.C. 2903.211(D)(1).

{¶21} In this case, the magistrate concluded that petitioner established her claim based on, but not limited to, (1) the numerous, unwelcomed electronic communications with petitioner that became "increasingly more angry and threatening" when petitioner decided not to respond; (2) respondent's sending of a video relating to the Orlando shooting that had no discernable connection to the petitioner; and (3) respondent's reference to a bible verse providing that one must "honor your mother and father and anyone who curses their father or mother is to be put to death." According to the

magistrate, petitioner credibly demonstrated that respondent had actually caused her to suffer mental distress through the repeated, unwelcomed electronic contact that took on a hostile tone. The trial court adopted that decision without objection. Thus, there is competent, credible evidence that respondent engaged in a pattern of conduct constituting menacing by stalking.

{¶22} The civil stalking protection order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR