[Cite as *Maki v. Scherzer*, 2026-Ohio-385.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tamara Maki

      Appellant

v.

Eric Scherzer

      Appellee

Court of Appeals No. L-25-00110

Trial Court No. CVG-24-01354

**DECISION AND JUDGMENT**

Decided: February 6, 2026

* * * * *

Thomas A. Yoder, Esq., for appellant.

Scott A. Ciolek, Esq., for appellee.

* * * * *

**MAYLE, J.,**

{¶ 1} Appellant, Tamara Maki, appeals the May 14, 2025 judgment of the Sylvania Municipal Court dismissing her complaint in forcible entry and detainer against appellee, Eric Scherzer. For the following reasons, we dismiss the appeal in part and affirm in part.

# I. Background and Facts[1]

{¶ 2} Maki filed a complaint alleging that she is the owner of property on West Bancroft in Swanton, Scherzer is occupying the property as a holdover tenant, and Scherzer would not leave after Maki requested that he do so. Maki claimed a right to possess the premises based on an "AFFIDAVIT OF FACTS RELATING TO REAL ESTATE PER OHIO REVISED CODE 5309.081" that she swore. In the affidavit, filed in April 2024, Maki claimed that Martin Scherzer was the owner of the property; Martin died on March 21, 2024; and before his death he signed a transfer on death affidavit, which was recorded in the Lucas County books of deeds, leaving the property to Maki.

{¶ 3} In his answer, Scherzer admitted that he lived in the West Bancroft property but denied that his occupation was unlawful or that Maki had the right to evict him. He also claimed that Maki only had a one-half interest in the property, and she could not unilaterally evict her cotenant.

{¶ 4} On December 12, 2024, following a bench trial, the trial court found "from the evidence presented that [Maki] held only a ½ interest in the property in question." Therefore, the trial court dismissed the case.

{¶ 5} On December 13, 2024, Maki filed a written request for findings of fact and conclusions of law. The trial court filed its findings and conclusions on February 5, 2025.

---

[1] Maki did not file any transcripts of the trial court proceedings, so the facts are drawn from the pleadings and motions filed in the case.

2.

{¶ 6} On February 18, 2025, Maki filed a motion for a new trial.  After briefing by the parties, the trial court found that Maki's motion was untimely and denied it on May 14, 2025.

{¶ 7} Maki filed her notice of appeal on May 20, 2025.

{¶ 8} In her brief, Maki raises two assignments of error:

Assignment of error number 1

The court errored [sic] when it ruled from the bench on that it was dismissing the Appellant's Complaint in Forcible Entry and Detainer because there was an incorrect legal description on Exhibit and that the Appellant owned only a one-half (1/2) interest in the real estate that is the subject of the action.

Assignment of Error number two

The court errored [sic] when in held on May 14, 2025 that the Appellant's Motion for a New Trial was not timely filed and that no issues were presented as required by Ohio Civil Rule 59 (A).

## II. Law and Analysis

### A. Maki cannot appeal the trial court's December 12, 2024 judgment entry, but can appeal the court's May 14, 2025 judgment entry.

{¶ 9} While this appeal was pending, Scherzer filed a motion to dismiss.  Before we can address the merits of Maki's appeal, we must address Scherzer's motion.  In it, he argues that we lack jurisdiction to hear Maki's appeal because she filed her notice of appeal 77 days after the deadline to appeal expired.  He contends that, under App.R. 4(B), Maki's request under Civ.R. 52 for findings of fact and conclusions of law tolled the time for filing an appeal until the trial court ruled on her request, but because her motion for a new trial under Civ.R. 59 was untimely, it did not toll the filing deadline.  Thus, Maki

3.

had 30 days from February 5, 2025, the date on which the trial court issued its findings of fact and conclusions of law, to file her notice of appeal. Because Maki did not file her notice of appeal until three and one-half months later, Scherzer argues, her appeal is untimely and must be dismissed.

{¶ 10} Maki did not file a response to Scherzer's motion.

{¶ 11} After reviewing the record, we find that Maki filed her notice of appeal late as to the trial court's December 12, 2024 judgment entry, so we lack jurisdiction to consider the merits of her appeal as it relates to that entry. However, she timely filed her notice of appeal from the trial court's May 14, 2025 entry denying her motion for a new trial, so we are able to consider her appeal as it relates to that entry.

{¶ 12} Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." There are certain exceptions to the 30-day time limit in App.R. 4(B). Under that rule, if a party in a civil case files a motion for a new trial under Civ.R. 59 or a request for findings of fact and conclusions of law under Civ.R. 52, if those filings are "*timely* and appropriate[,] . . . the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings." (Emphasis added.) App.R. 4(B)(2)(b), (d). Civ.R. 52 requires a party to request findings of fact and conclusions of law either before the entry of judgment or not later than seven days after the requesting party has been given notice of the court's announcement of its decision, whichever is later. Civ.R.

4.

59(B) requires the party seeking a new trial to serve their motion within 28 days of the entry of judgment. "Judgment," as used in the Civil Rules, "means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court." Civ.R. 54(A). Findings of fact and conclusions of law are not a "judgment." *Joy B. v. Richard D.*, 1998 WL 700667, *1 (6th Dist. Oct. 9, 1998).

{¶ 13} Based on the record before us, we find that Maki's notice of appeal was timely only as to the May 14, 2025 judgment entry. There are two judgments in this case—i.e., two written entries declining to order relief in Maki's favor that were signed by the trial court judge and journalized on the trial court's docket. The first was filed on December 12, 2024, at the conclusion of the bench trial. Maki filed her timely request for findings of fact and conclusions of law on December 13, 2024. Under App.R. 4(B)(2), this request stayed the running of the time for filing a notice of appeal until the trial court issued its findings of fact and conclusions of law on February 5, 2025. Thus, Maki had 30 days from February 5, 2025—until March 7, 2025—to file her notice of appeal from the December 12 judgment. She did not file her notice of appeal until three-and-a-half months later, on May 20, 2025, making it untimely as to the December 12 judgment.

{¶ 14} Maki's motion for a new trial was also untimely, so it did not extend her time for filing a notice of appeal of the December 12 judgment. App.R. 4(B)(2) is clear that only *timely* post-judgment motions extend the time for filing a notice of appeal, and Civ.R. 59 requires that a motion for a new trial be filed within 28 days of the entry of the

5.

*judgment*. In this case, that meant within 28 days of December 12, 2024, when the trial court announced its decision in its written entry declining to order relief in Maki's favor that was signed by the trial court judge and journalized on the trial court's docket (i.e., by January 9, 2025), *not* within 28 days of February 5, 2025, when the trial court filed its findings of fact and conclusions of law because the findings of fact and conclusions of law were *not* the trial court's judgment. *See Joy B.* at *1; Civ.R. 54(A). Maki filed her motion for a new trial on February 18, 2025, more than two months after the court filed its judgment. Thus, the new trial motion was untimely and, under the plain language of App.R. 4(B)(2), it did not extend the time Maki had for filing her notice of appeal of the December 12 judgment. A party's failure to file a timely notice of appeal deprives an appellate court of jurisdiction to hear the appeal. *State v. Taft*, 2019-Ohio-1565, ¶ 58 (6th Dist.), citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). Therefore, we lack jurisdiction to consider the merits of Maki's appeal as it relates to the December 12 judgment.

{¶ 15} However, Maki's notice of appeal was timely filed as to the May 14, 2025 judgment. "A party may only appeal a judgment denying a post-trial motion, such [as] a motion for new trial, if an underlying final, appealable order exists." *Jones v. Carpenter*, 2017-Ohio-440, ¶ 14 (10th Dist.), citing *State ex rel. Bd. of State Teachers Retirement Sys. v. Davis*, 2007-Ohio-2205, ¶ 48; and *Eddie v. Saunders*, 2008-Ohio-4755, ¶ 17 (4th Dist.). The judgment underlying the motion for a new trial—the December 12 judgment—was a final, appealable order, so the trial court's denial of Maki's motion for

6.

a new trial was also a final order.  *See id.*  Maki filed her notice of appeal six days after the trial court issued the May 14 judgment, so she was well within App.R. 4(A)'s 30-day deadline.  Thus, we have jurisdiction to consider the merits of Maki's appeal as it relates to the denial of her motion for a new trial.

{¶ 16} In sum, because Maki's notice of appeal was untimely as to the December 12, 2024 judgment, we lack jurisdiction to consider her appeal related to that judgment, and Scherzer's motion to dismiss is granted in part.  Maki's appeal is dismissed to the extent that it relates to the December 12, 2024 judgment, and we decline to consider Maki's first assignment of error for lack of jurisdiction.

**B. Maki's motion for a new trial was untimely, so the trial court properly denied it.**

{¶ 17} In her second assignment of error, Maki argues that she timely filed her motion for a new trial because she filed it within 28 days of the trial court issuing its findings of fact and conclusions of law.  She contends that Civ.R. 59(B) "does not state that the motion for a new trial must be filed within 28 days of the initial entry of judgment . . . .  It must be filed within 28 days after the court issues its' [sic] 'entry of judgment' upon which the request for a new trial is based."  (Underlining in original.)  As already discussed, Civ.R. 59(B) requires that a motion for a new trial be filed within 28 days of the entry of *judgment*, i.e., the filing of "a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court."  Civ.R. 54(A).  Findings of fact and conclusions of law do not qualify as a "judgment."  *Joy B.*, 1998 WL 700667, at *1 (6th Dist.).

7.

{¶ 18} Here, the "judgment" that the trial court entered was the December 12, 2024 entry that dismissed Maki's complaint following the bench trial. Thus, Maki was required to file her motion for a new trial within 28 days of December 12, 2024. Under Civ.R. 6(B), a trial court cannot extend the time for filing a motion for a new trial, so 28 days after December 12 was the absolute latest that Maki could file her motion for a new trial, regardless of whether she also filed a motion for findings of fact and conclusions of law under Civ.R. 52. She missed this deadline by more than a month. A court may not consider the merits of an untimely motion for a new trial. *Good Knight Props., LLC v. Adam*, 2016-Ohio-33, ¶ 12 (6th Dist.). Therefore, the trial court properly denied Maki's motion as untimely, and her second assignment of error is not well-taken.

### III. Conclusion

{¶ 19} In conclusion, Scherzer's motion to dismiss is granted in part because Maki's notice of appeal was untimely as to the December 12, 2024 judgment. For this same reason, we lack jurisdiction to consider her first assignment of error, which relates to that judgment.

{¶ 20} We find Maki's second assignment of error not well-taken because Maki did not file her motion for a new trial within 28 days of the December 12, 2024 judgment. The May 14, 2025 decision of the Sylvania Municipal Court is therefore affirmed.

{¶ 21} Maki is ordered to pay the costs of this appeal under App.R. 24.

Appeal dismissed in part and
Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Chrisine E. Mayle, J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.