[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 535.]

COLVIN ET AL., APPELLANTS, *v.* ABBEY'S RESTAURANT, INC.; HARTVILLE

PANTRY, INC., APPELLEE.

[Cite as *Colvin v. Abbey's Restaurant, Inc.*, 1999-Ohio-286.]

*Civil procedure—Trials—Options available to trial court when jury's answers to interrogatories are inconsistent with a general verdict reached by the jury— Jurisdiction of court of appeals when trial court sua sponte orders a new trial because jury's answers to interrogatories are inconsistent with the jury's general verdict.*

1. When a jury's answers to interrogatories are inconsistent with a general verdict reached by the jury, the trial court must choose among the three options set forth in Civ.R. 49(B): (1) enter judgment in accordance with the interrogatory answers, (2) return the jury for further consideration of the interrogatories and the general verdict, or (3) order a new trial. The choice of one of the three options lies within the sound discretion of the trial court.

2. Pursuant to Civ.R. 49(B) and R.C. 2505.02, when a trial court *sua sponte* orders a new trial because a jury's answers to interrogatories are inconsistent with the jury's general verdict, the reviewing court of appeals has jurisdiction to consider only the propriety of the trial court's new-trial order.

(No. 98-469—Submitted March 9, 1999—Decided June 2, 1999.)

APPEAL from the Court of Appeals for Summit County, Nos. 18196 and 18197.

———————————

{¶ 1} On October 3, 1994, an automobile operated by Kenneth E. Perkovich went left of center and struck head-on a vehicle driven by plaintiff-appellant Georgiana M. Colvin. Colvin and her mother, plaintiff Sarah Romano, a passenger in the vehicle, were seriously injured in the collision.

**{¶ 2}** Colvin and her husband, plaintiff-appellant Dudley Colvin, along with Romano (collectively, "the plaintiffs"), filed suits in the Court of Common Pleas of Summit County against Perkovich, seeking to hold him liable for the accident. Perkovich was an employee and part owner of two businesses also named as defendants in the suits, Abbey's Restaurant, Inc. and appellee Hartville Pantry, Inc. One of the claims put forth by plaintiffs was that Perkovich was acting in the scope of his employment with Hartville Pantry at the time of the accident, so that Hartville Pantry was subject to *respondeat superior* liability for the incident. The plaintiffs sought both compensatory and punitive damages, with their claims for punitive damages based in part on the allegation that Perkovich was intoxicated at the time of the incident.

**{¶ 3}** When the case was submitted to the jury after the presentation of evidence, the jury was given several general verdict forms to specify its determination of the liability of each defendant *vis-à-vis* each plaintiff, and its determination of damages, if liability was found. The jury was also given interrogatories to answer to clarify the verdict forms. Several of the interrogatories concerned the question of whether Perkovich was acting within the scope of his employment with Hartville Pantry at the time of the accident.

**{¶ 4}** The parties agree that the jury found, *inter alia*, that Perkovich was liable for a total of more than $2,000,000 in compensatory damages, and for punitive damages and attorney fees. Included in that amount were damages to be paid to some plaintiffs who are not parties to this appeal. Based on the jury's damage awards against Perkovich, the trial court filed a partial judgment entry to enter judgment on all verdicts against Perkovich.

**{¶ 5}** However, although the jury also returned general verdicts finding Hartville Pantry liable for a total of $11,000 in compensatory damages and for punitive damages, the trial court declined to enter judgment on those jury verdicts. The trial court found that the jury's general verdicts regarding the liability of

Hartville Pantry were inconsistent with the jury's answers to two of the interrogatories. In those interrogatories, the jury found that Perkovich was not acting under the control of Hartville Pantry, and was not acting in the course and scope of his employment with Hartville Pantry, at the time of the accident.

**{¶ 6}** In addition, the trial court reasoned that, because the asserted liability of Hartville Pantry was vicarious in nature, the jury verdicts finding Hartville Pantry liable should have been in the same amount as the verdicts finding Perkovich liable to comply with the principles of vicarious liability, if the jury had meant to hold Hartville Pantry liable. The trial court found that the jury lost its way, due in part to erroneous jury instructions that had confused the jury, and ordered a new trial between the plaintiffs and Hartville Pantry.

**{¶ 7}** Hartville Pantry appealed the order of a new trial to the Court of Appeals for Summit County, raising assignments of error challenging various trial court rulings throughout the course of the trial as well as other alleged errors. Some of Hartville Pantry's contentions were that the trial court erred in not granting Hartville Pantry's motion for summary judgment and two motions for a directed verdict. Plaintiffs argued as a threshold matter that the sole issue to be properly decided by the court of appeals at that time was whether the trial court abused its discretion in ordering a new trial, and that the court of appeals lacked jurisdiction to consider any other issue because there was no final judgment from which to take an appeal.

**{¶ 8}** The court of appeals first held that its jurisdiction was not limited to considering only whether the trial court abused its discretion in ordering a new trial. The court of appeals proceeded to focus on the issue of whether the trial court erred in denying Hartville Pantry's two motions for a directed verdict, and specifically concluded that the denials of the motions were final appealable orders in the situation before it. After determining that Perkovich was not acting within the course and scope of his employment as a matter of law based upon the facts

presented, the court of appeals concluded that the trial court should have granted Hartville Pantry a directed verdict on compensatory damages, and that the trial court should have granted Hartville Pantry a directed verdict on punitive damages. Based on those conclusions, the court of appeals reversed the decision of the trial court to order a new trial.

{¶ 9} The dissenter at the court of appeals believed that only the trial court's decision to grant a new trial was a final appealable order, and therefore would have held that the court of appeals did not have jurisdiction to address the various other assignments of error unrelated to the new-trial decision. Moreover, the dissenter would have upheld the trial court decision to grant a new trial between the plaintiffs and Hartville Pantry.

{¶ 10} This cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Scanlon & Gearinger Co., L.P.A., Timothy F. Scanlon* and *Michael J. O'Neil*, for appellants Georgiana M. Colvin et al.

*Scanlon & Co., L.P.A., Lawrence J. Scanlon* and *Richard Steinle*, for Sarah Romano

*Day, Ketterer, Raley, Wright & Rybolt, Ltd., John A. Murphy, Jr.,* and *W. Bradford Longbrake,* for appellee Hartville Pantry, Inc.

———————————

**ALICE ROBIE RESNICK, J.**

{¶ 11} The principal issue presented is whether, in the circumstances of this case, the court of appeals had jurisdiction to address Hartville Pantry's assignments of error that were unrelated to the trial court's decision to grant a new trial. In other words, when a trial court orders a new trial pursuant to the specific terms of Civ.R. 49(B), does the court of appeals have jurisdiction to consider any alleged error that

arose during the course of the trial, or is the court of appeals limited to considering the propriety of the new-trial order and nothing more?

{¶ 12} For the reasons that follow, we determine that the court of appeals exceeded its allowable appellate jurisdiction in ruling on Hartville Pantry's additional assignments of error that were unrelated to the new-trial order. We further determine that the sole issue properly before the court of appeals was whether the trial court abused its discretion in ordering the new trial pursuant to Civ.R. 49(B). Finding no abuse of discretion by the trial court, we reverse the judgment of the court of appeals and reinstate the trial court's new-trial order.

{¶ 13} Civ.R. 49(B) details the procedures a trial court must follow when the parties submit interrogatories to go to the jury upon the court's approval. The purpose of using interrogatories is to test the general verdict. See Staff Note to Civ.R. 49. The overall goal is to have the jury return a general verdict and interrogatory answers that complement that general verdict. To that end, the third paragraph of Civ.R. 49(B) details the actions a trial court must take when entering judgment on a jury verdict that is accompanied by interrogatories:

"When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

{¶ 14} The parties agree with the trial judge's conclusion that the answers to the relevant interrogatories are inconsistent with the general verdicts reached by the jury against Hartville Pantry. In *Tasin v. SIFCO Industries, Inc.* (1990), 50 Ohio St.3d 102, 553 N.E.2d 257, paragraph one of the syllabus, this court held, "Where a jury's answers to one or more special interrogatories are irreconcilable with the general verdict, the choice of whether to enter judgment in accord with the

answers to interrogatories and against the general verdict, resubmit the case to the jury, or order a new trial lies within the sound discretion of the trial court."

{¶ 15} The specific issue raised by this case concerns the jurisdiction of the court of appeals to review alleged errors that occurred during the course of the trial when a trial court has ordered a new trial pursuant to Civ.R. 49(B). Before we begin our inquiry into the parameters of appellate review, we first must establish that the order of the trial court granting a new trial pursuant to Civ.R. 49(B) is itself a final appealable order. The version of R.C. 2505.02 that applies to this case provides that "an order that vacates or sets aside a judgment or *grants a new trial* is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."[1] (Emphasis added.)

{¶ 16} It is now well settled, although the issue was in dispute at one time, that the granting of a motion for a new trial is a final appealable order under R.C. 2505.02. See *Price v. McCoy Sales & Serv., Inc.* (1965), 2 Ohio St.2d 131, 31 O.O.2d 229, 207 N.E.2d 236, paragraph one of the syllabus. See, also, *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 86-90, 52 O.O.2d 376, 378-380, 262 N.E.2d 685, 688-690. The trial court in this case did not grant a *motion* for a new trial. Instead, the court *sua sponte* ordered a new trial as one of the three options provided for in Civ.R. 49(B). We find that this distinction makes no difference when considering as an initial question whether a trial court's order granting a new trial pursuant to Civ.R. 49(B) is appealable. R.C. 2505.02 specifically provides simply that "an order that  * * * grants a new trial" is a final appealable order. Since there is no requirement that the order must be precipitated by a motion from one of the parties, the trial court order here satisfies R.C. 2505.02 and is therefore a final appealable order.

---

1. The provision of former R.C. 2505.02 pertaining to the granting of a new trial as a "final order" is now codified as R.C. 2505.02(B)(3). See 1998 Sub.H.B. No. 394, 147 Ohio Laws ___.

**{¶ 17}** Moreover, we find that the fact that the trial court ordered a new trial without first entering judgment on the jury's verdict is not fatal to the appealability of the order. See, *e.g., State v. Huntsman* (1969), 18 Ohio St.2d 206, 211, 47 O.O.2d 440, 443-444, 249 N.E.2d 40, 43-44, held no longer applicable on other grounds by *State v. Matthews* (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041 (An order granting a new trial made after the jury returns a verdict but before the trial court enters judgment on that verdict is a final order, even though the new-trial order does not "set aside a judgment."). Furthermore, Civ.R. 49(B) specifically refers to what the trial court did here as an order for a "new trial." Thus, the trial court's order of a new trial was a final appealable order.

**{¶ 18}** However, the way that the trial court ordered a new trial is a very significant factor when we consider the extent of the court of appeals' jurisdiction under R.C. 2505.02. It is clear that the trial court's order for a new trial came solely and specifically as a result of applying the explicit provisions of Civ.R. 49(B). This order for a new trial was not entered pursuant to Civ.R. 59, as are most new-trial orders. Therefore, our consideration of the court of appeals' jurisdiction is uniquely dependent on the concerns underlying the application of Civ.R. 49(B) and is independent of any implications that would have been raised had Civ.R. 59 instead been utilized.

**{¶ 19}** Because the trial court never entered a final judgment on the jury's verdict (or on the interrogatory answers) before ordering a new trial pursuant to Civ.R. 49(B), there is no final judgment to support an appeal of any issue other than whether the trial court abused its discretion in ordering the new trial. As discussed above, that new-trial order, with its accompanying abuse of discretion inquiry, is made a final appealable order by the express terms of R.C. 2505.02. However, any other potential issue is not appealable at this time because no final judgment was ever entered on the jury's verdict (or on the interrogatory answers).

**{¶ 20}** Other rulings of the trial court besides the order for a new trial, as well as any other claimed errors occurring during the course of the trial, are interlocutory orders and may not be challenged at the time of the appeal from the new-trial order. For example, in this case the trial court's denials of the two directed verdict motions were not final appealable orders in their own right at the times of the denials. See R.C. 2505.02. In these circumstances, those denials do not become reviewable upon the trial court's order of a new trial pursuant to Civ.R. 49(B).

**{¶ 21}** In light of the foregoing specific considerations, we hold that pursuant to Civ.R. 49(B) and R.C. 2505.02, when a trial court *sua sponte* orders a new trial because a jury's answers to interrogatories are inconsistent with the jury's general verdict, the reviewing court of appeals has jurisdiction to consider only the propriety of the trial court's new-trial order. No other claimed errors are reviewable at that time.

**{¶ 22}** Based upon the consideration that this case specifically involves a new-trial order pursuant to Civ.R. 49(B), it is important to clarify again that our holding should not be read to apply to situations not involving the precise scenario here. Our analysis applies only to new trials ordered under the express terms of Civ.R. 49(B).

**{¶ 23}** Having determined that the only inquiry to be undertaken on appeal from the trial court's new-trial order is the propriety of the order itself, we must ask whether the trial court abused its discretion in ordering a new trial pursuant to Civ.R. 49(B). See *Tasin,* 50 Ohio St.3d at 105-106, 553 N.E.2d at 260-261. In the circumstances here, it is evident that the trial court did not abuse its discretion.

**{¶ 24}** Prior to ordering the new trial, the trial court first considered whether to enter judgment on the interrogatory answers, the first option detailed in Civ.R. 49(B), and also considered whether to recall the jury for further deliberations, the second option of Civ.R. 49(B). The trial court specifically rejected both of those courses of action. The trial court reasoned that at that point it was impossible to

enter judgment on the interrogatory answers, because the jury may have based those answers on improper jury instructions, so that the answers were not more reliable than the verdicts. Furthermore, the trial court reasoned that the jury was so confused by the faulty instructions that it would be impossible to clarify the jury's inquiries by giving new instructions, so that it would have been futile to return the jury for further deliberations. Only at that point did the trial court determine that a new trial was the best alternative.

{¶ 25} Based on what transpired in this case, the trial court acted within the bounds of its discretion. The court weighed the options presented by Civ.R. 49(B) and made a rational choice among those options. The trial court decision ordering a new trial was not unreasonable, arbitrary, or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 26} For all of the foregoing reasons, we reverse the judgment of the court of appeals and vacate the conclusions reached by a majority of that court. We reinstate the trial court's order of a new trial pursuant to Civ.R. 49(B) and remand the cause to the trial court for further proceedings.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————