[Cite as *Fredette v. Rion, Rion, & Rion*, 2018-Ohio-1725.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RAYMOND FREDETTE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27616 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-2314 |
| | : | |
| RION, RION AND RION | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . .

RAYMOND FREDETTE, 5150 Larchview Drive, Huber Heights, Ohio 45424
        Plaintiff-Appellant, Pro Se

BRADLEY D. ANDERSON, Atty. Reg. No. 0061325, and KEVIN M. DARNELL, Atty. Reg.
No. 0095952, 130 W. Second Street, Suite 2150, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Raymond Fredette appeals pro se from the trial court's May 9, 2017 judgment entry that (1) dismissed his "objections" to a prior summary-judgment ruling against him on his complaint and (2) entered summary judgment in favor of the appellee on a remaining counterclaim.

{¶ 2} Fredette advances two assignments of error related to the summary-judgment ruling on his complaint. In that ruling, the trial court found the law firm of Rion, Rion, and Rion entitled to judgment as a matter of law on Fredette's complaint seeking to recover $7,500 in allegedly unearned legal fees. (Doc. # 31). Although the complaint was alleged as a breach of contract, the trial court determined that it actually asserted a legal-malpractice claim, which was time barred by a one-year statute of limitation.

{¶ 3} The trial court entered summary judgment against Fredette on his complaint on February 27, 2017. (Doc. #31). That ruling contained certification under Civ.R. 54(B) that "there is no just cause for delay." (*Id.* at 3). Over two months later, on May 9, 2017, the trial court then separately entered summary judgment in favor of defendant-appellee Rion, Rion, and Rion on a remaining counterclaim seeking additional legal fees for work post-dating and unrelated to the subject of Fredette's complaint. (Doc. # 37). In that ruling, the trial court also dismissed Fredette's "objections" to the prior summary judgment ruling against him on his complaint. Fredette appealed after the trial court's May 9, 2017 entry of summary judgment in favor of the law firm on its counterclaim. (Notice of Appeal, Doc. #39). His arguments, however, address only the trial court's prior entry of judgment against him on his original complaint.

{¶ 4} Because the February 27, 2017 ruling disposed of Fredette's complaint and

contained Civ.R. 54(B) certification, it was a final order subject to immediate appeal. Fredette's failure to appeal from the February 27, 2017 ruling normally would mean that his June 8, 2017 notice of appeal is untimely with respect to the issues he raises. *Davenport v. Big Brothers & Big Sisters of Greater Miami Valley, Inc.*, 2d Dist. Montgomery No. 23659, 2010-Ohio-2503, ¶ 7, footnote 1. That rule does not apply here, however, because the trial court neglected to include a notation directing the clerk of courts to serve each party, through counsel, with notice of its ruling and its date of entry upon the journal. *See* Civ.R. 58(B). In turn, the record does not reflect that the clerk served the parties or noted service in the appearance docket. *Id.* Under these circumstances, the time for filing an appeal is tolled. *Davenport* at ¶ 7, footnote 1. "This is true even when a party has actual notice of the judgment at issue." *Id.*

{¶ 5} Fredette's appeal suffers from another defect, however, that precludes us from reaching the issues he raises. Under App.R. 3(D), a notice of appeal "shall designate the judgment, order, or part thereof appealed from[.]" Fredette's June 8, 2017 notice of appeal designates the trial court's May 9, 2017 entry of summary judgment against him on the appellee's counterclaim as the order from which he appeals. "[A]ssignments of error must relate to the judgment that is the subject of the notice of appeal." *State v. Thompkins,* 10th Dist., Franklin No. 07AP-74, 2007-Ohio-4315, ¶ 7. But Fredette's two assignments of error address the trial court's February 27, 2017 entry of summary judgment against him on his complaint. We recognize that prior interlocutory orders will merge into a final judgment and, therefore, that an appeal from a final judgment includes all prior interlocutory orders. *USA Freight, LLC v. CBS Outdoor Group, Inc.*, 2d Dist. Montgomery No. 26425, 2015-Ohio-1474, ¶ 15. Therefore, a notice of appeal need not

specifically identify each interlocutory order issued prior to a final judgment. *Id.*

{¶ 6} The problem here is that the trial court's February 27, 2017 entry of summary judgment against Fredette on his complaint was not an interlocutory order. It was a final order by virtue of the Civ.R. 54(B) certification it contained. As a final order of its own, it did not "merge" into the trial court's subsequent final order entering summary judgment against Fredette on the appellee's counterclaim. Because Fredette has appealed only from the trial court's May 9, 2017 final order entering judgment against him on the counterclaim, we cannot address his assignments of error. As explained above, those assignments of error relate exclusively to the February 27, 2017 final order entering summary judgment on his complaint. Given that Fredette has not appealed from the February 27, 2017 judgment, we are unable to reach the merits of his arguments.

{¶ 7} Even if we were to be able to consider appellant's arguments, we would still affirm the judgment of the trial court. Both the appellant and the law firm filed motions for summary judgment. Fredette's motion contains a rendition of facts but it is not supported by an affidavit or other evidentiary materials as required by Civ. R. 56(C). The law firm's motion, against Fredette's complaint and in favor of their counterclaim, is supported by the affidavit of one of the attorneys from the firm, contains various attachments of the various fee agreements between the parties, an itemized statement of services, and complies with the evidentiary requirements of Civ. R, 56(C).

{¶ 8} Summary judgment is governed by Civ.R. 56. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only

conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id.* at 293; Civ.R. 56(C).

{¶ 9} We recognize that Fredette is proceeding pro se but we have repeatedly observed that "[L]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803.

{¶ 10} Because the law firm's motion for summary judgment is properly supported and Fredette's is not, the trial court properly granted judgment in their favor.

{¶ 11} For the foregoing reasons, we overrule Fredette's assignments of error and affirm the trial court's May 9, 2017 judgment entry dismissing his "objections" and entering summary judgment in favor of the appellee on its counterclaim.

. . . . . . . . . . . . .


FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Raymond Fredette
Bradley D. Anderson
Kevin M. Darnell
Hon. Michael Wayne Ward, Ret., Visiting Judge c/o
Hon. Mary Katherine Huffman, Administrative Judge