[Cite as *Doss v. Doss*, 2022-Ohio-1339.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| HOLLY M. DOSS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-28 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-DR-78 and |
| | : | 2018-DR-102 |
| JOSEPH H. DOSS | : | |
| | : | |
| Defendant-Appellant | : | (Appeal from Family Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2022.

. . . . . . . . . . .

JOHN H. COUSINS, IV, Atty. Reg. No. 0083498, 32 West Hoster Street, Suite 100, Columbus, Ohio 43215
        Attorney for Plaintiff-Appellee

CHRISTOPHER J. GEER, Atty. Reg. No. 0012371 and DALE D. COOK, Atty. Reg. No. 0020707, Two Miranova Place, Suite 700, Columbus, Ohio 43215
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant Joseph H. Doss appeals from a judgment entry decree of divorce entered in two consolidated actions: (1) a divorce case involving Joseph and Plaintiff-Appellee, Holly Doss; and (2) a case in which Holly sought a domestic violence civil protection order ("CPO") against Joseph.[1]   In addition, Joseph has appealed from a judgment denying his motion for new trial.   Both judgments were included in a single notice of appeal following the decision on the new trial motion.

{¶ 2} Joseph has presented eight assignments of error challenging the provisions in the divorce decree, as well as the denial of his motion to supplement the record, the denial of his motion to recuse, and the denial of his motion for a new trial.   We conclude that the trial court's denial of the motion for new trial was an abuse of discretion, because the court relied on incorrect legal reasoning.   The order denying the motion for a new trial, therefore, will be reversed and remanded so the trial court can correctly analyze the motion.   Furthermore, as a successor judge, the judge will be required to review the trial transcripts, since manifest weight challenges were included in the new trial motion.

{¶ 3} Because the trial court's judgment on the motion for a new trial is being reversed, the remaining assignments of error are not yet ripe for review, other than alleged error in an order denying Joseph's motion to supplement the record and alleged error concerning Joseph's motion for recusal.   No appeal was properly taken from the final order disposing of the motion to supplement, and we will not consider it.   Further, a recusal decision had not yet been filed when Joseph filed his notice of appeal, and he did

---

[1] Because the parties share the same last name, we will use their first names.   We also note that the divorce decree resolved both the divorce and the request for a CPO.

not ask for leave to amend his notice of appeal. As a result, the recusal decision is not properly before us.

{¶ 4} Following the court's decision on remand, Joseph will again be able to appeal from the divorce decree and the decision on his motion for a new trial, if that decision is adverse to him. Accordingly, the judgment on the motion for new trial will be reversed and remanded, and the appeal as to the divorce decree will be dismissed.

I. Facts and Course of Proceedings

{¶ 5} As indicated, this appeal involves two cases that were consolidated. On April 25, 2018, Holly filed a complaint seeking a divorce from Joseph, and the case was designated as Champaign C.P. No. 2018-DR-78. Holly and Joseph had been married in October 2008, and they had two children, who were ages seven (nearly eight) and six when the divorce complaint was filed.

{¶ 6} Shortly thereafter, Holly filed a petition for a domestic violence CPO against Joseph, and the case was designated as Champaign C.P. No. 2018-DR-102. In the petition, which was filed on May 21, 2018, Holly alleged the following matters: Joseph had been constantly texting, emailing, and harassing her, her children, and her family for weeks, and his behavior had been escalating. The behavior included vulgar comments, driving by the house in the early morning and evenings playing loud music and squealing his tires, removing the children from school and taking them out of town for a weekend without Holly's knowledge and without notifying her, threatening that Holly's "day was coming," and showing up in out-of-town locations where Holly and/or her parents had

spontaneously taken the children, meaning that he was monitoring their activities. Holly also mentioned other pending cases against Joseph for criminal damaging, disorderly conduct, and a civil stalking protection order ("CSPO") that had been issued ex parte.

{¶ 7} Previously, on May 8, 2018, Holly's father, Thomas Cox, had filed a petition for a CSPO against Joseph and had been granted an ex parte order that day, protecting him and his wife, Deborah. *See Cox v. Doss*, 2d Dist. Champaign No. 2018-CA-29, 2019-Ohio-2592, ¶ 4 and 6 (affirming the full CSPO that was ultimately granted in August 2018).

{¶ 8} An ex parte order was issued in Holly's CPO case (Case No. 2018-DR-102), and a hearing was set for June 4, 2018. However, the hearing was then continued a number of times.

{¶ 9} On May 29, 2018, Joseph filed an answer to the divorce complaint as well as a counterclaim for divorce. After meeting with counsel on May 31, 2018, the trial court issued temporary orders in the divorce action. The orders granted temporary custody of the children to Holly and gave Joseph the standard order of parenting time, to be supervised by one of his parents. The court also required both parents to abstain from abusing alcohol or drugs of abuse for at least two hours before any parenting session and ordered Joseph to pay temporary spousal and child support. In addition, the court granted Holly exclusive use of the marital home in Urbana, Ohio, effective June 1, 2018, and required Joseph to pay the mortgage, taxes, and insurance on the property. On the same day, the court appointed a guardian ad litem ("GAL").

{¶ 10} On June 1, 2018, when Holly came to the marital home to take possession,

a fire was occurring in the kitchen, which caused substantial damage and required that she and the children continue living with her parents, where they had been staying. Holly believed Joseph had set the fire.

{¶ 11} On August 6, 2018, the judge overseeing the Cox CSPO case in the Champaign County Common Pleas Court General Division (Champaign C.P. No. 2018-CVSD-22) transferred it to the Domestic Relations-Juvenile-Probate Division, and the judge in Holly's CPO case accepted the transfer. The judge also consolidated both cases, and the pleadings in Case No. 2018-CVSD-22 were incorporated into Holly's CPO case. *See* Journal Entry, Case No. 2018-DR-102 (Aug. 8, 2018). After reading the transcript and evidence in the Cox case, the judge concluded that a CSPO was appropriate to protect the Coxes. Journal Entry, 2018-DR-102 (Aug. 23, 2018). The court, therefore, restrained Joseph from contacting the Coxes, from being within 500 feet of them, from damaging any of their property, from carrying any weapons, and from using or possessing any alcohol or illegal drugs. The order was effective until August 21, 2023. CSPO, Case No. 2018-DR-102 (Aug. 23, 2018), p. 1-4.

{¶ 12} Joseph appealed from this order on August 27, 2018. As noted, we affirmed the judgment on June 28, 2019. *Cox*, 2d Dist. Champaign No. 2018-CA-29, 2019-Ohio-2592, at ¶ 33. The Supreme Court of Ohio declined review on October 29, 2019. *See Cox v. Doss*, 157 Ohio St.3d 1466, 2019-Ohio-4419, 133 N.E.3d 536.

{¶ 13} While the CSPO appeal was pending, the other cases continued in the trial court. Previously, on June 22, 2018, Joseph had filed a contempt action against Holly, and a hearing was scheduled at a pretrial hearing on July 30, 2018. Joseph also filed a

motion for modified temporary orders on July 3, 2018. In that motion, Joseph asked to regain access to the marital home since Holly was not living there. He also asked for temporary custody or increased parenting time and for lifting of the supervision requirement. The request for modification was scheduled to be heard at the July 30, 2018 pretrial.

{¶ 14} On July 13, 2018, Holly requested both an oral hearing and modification of the temporary orders to terminate Joseph's visitation. Again, the court scheduled this for hearing on July 30, 2018. On July 25, 2018, the GAL filed a report, but the court restricted public access to the report.

{¶ 15} On the day of the pretrial, Joseph filed a motion for mediation. After holding the pretrial on July 30, 2018, the court issued modified temporary orders, granting Joseph exclusive use of the marital premises and ordering him to pay all associated expenses. The court also allowed Joseph unsupervised parenting time, ordered exchanges to take place at the paternal grandfather's residence, and ordered that no alcohol or drug use occur just prior to or during parenting times. On the same day, the court set a final pretrial and status conference for October 10, 2018, and indicated that the parties could attend mediation if they wished. However, the court did not order the parties to mediation.

{¶ 16} A full hearing on Holly's CPO request was scheduled for August 27, 2018. In the meantime, however, Joseph asked the trial judge to recuse herself. On August 28, 2018, the judge granted the recusal request for both the divorce and the CPO case, over Holly's objection. The Supreme Court of Ohio then assigned retired judge Michael

Brady to hear both cases. Judge Brady scheduled a status conference for October 3, 2018. On the day of the status conference, Joseph filed a motion to stay the Cox CSPO pending appeal. The same day, Joseph filed a second motion to modify the temporary orders.

{¶ 17} After an updated GAL report was filed on October 16, 2018, the trial court again restricted public access to the report. Hearings on modification of temporary orders were then held on December 12 and 14, 2018. Due to a change in the first GAL's employment circumstances, the trial court appointed a substitute GAL on December 20, 2018.

{¶ 18} On March 18, 2019, the court filed an entry granting in part Joseph's second motion to modify the temporary orders. Holly was still designated as temporary legal custodian and residential parent, and Joseph's parenting time was changed slightly. Reduction in child and spousal support were denied, and the court scheduled an in-camera interview of the parties' children.

{¶ 19} The court heard evidence on April 15, 2019, concerning the value of a business property that Joseph and his brother owned. On May 9, 2019, the court vacated a May 13, 2019 trial date because Joseph had discharged his attorneys prior to the start of a scheduled May 6, 2019 hearing. The court also continued the terms of Holly's CPO until the matter had been fully heard and decided, but no later than the time allowed in R.C. 3113.31. New counsel then entered an appearance for Joseph on May 23, 2019. Subsequently, evidentiary hearings were held on the divorce (including the CPO request) on May 28, May 31, June 11, and June 14, 2019.

{¶ 20} After the evidentiary hearings ended, the court ordered the parties to submit proposed findings of fact and conclusions of law, and they did.

{¶ 21} Many motions were filed between the final hearing and when the final decree of divorce was filed on May 3, 2021. On the same day, the court filed a separate entry dismissing all motions previously filed in the case and not addressed in the divorce decree. On May 25, 2021, Joseph filed a motion for a new trial pursuant to Civ.R. 59(A)(1), (3), (5), (6), (7), (8), and (9). In addition to opposing the motion, Holly filed a motion under Civ.R. 60(A) on June 8, 2021, seeking to have the court correct a clerical error in the divorce decree nunc pro tunc.

{¶ 22} On June 18, 2021, Judge Brady filed an entry withdrawing from both cases. In the entry, he stated that the original trial judge was prepared to accept the case and that the conflict causing his appointment no longer existed. After the Supreme Court of Ohio withdrew the certificate of assignment, Judge Reisinger presided over the cases. Joseph then filed a motion in the trial court seeking the recusal of Judge Reisinger and the reinstatement of Judge Brady.

{¶ 23} After holding an attorney conference on July 1, 2021, Judge Reisinger filed several journal entries on July 13, 2021. In the first entry, the judge overruled Joseph's motion to stay proceedings to enforce the judgment as well as his May 25, 2021 motion for a new trial. The judge also said she would hold the motion for attorney fees in abeyance. Journal Entry 1 (July 13, 2021), p. 1. In a separate entry filed the same day, the court granted Holly's Civ.R. 60(A) motion and corrected clerical errors in the divorce decree. The court also included the attachments that had been omitted. The court did

not use the words "nunc pro tunc" in the entry, but the court's intent to do so is evident. In this entry, the court also said it would incorporate the parties' joint stipulations into the final divorce decree upon receipt of them from Joseph's counsel. Journal Entry 2 (July 13, 2021), p. 2.

{¶ 24} The joint stipulations were filed on July 13, 2021, and the court filed another entry the same day, incorporating them into the divorce decree "as if fully rewritten." Journal Entry 3 (July 13, 2021). Joseph filed a notice of appeal on July 28, 2021 from the May 3, 2021 final judgment decree of divorce in the consolidated cases and from all the judgments entered on July 13, 2021.

{¶ 25} Our initial review of the case revealed that we had jurisdiction over the appeal from the decree of divorce, but lacked jurisdiction over the appeal from the order denying the motion for new trial, because the trial court had held a motion for attorney fees in abeyance and had not included a Civ.R. 54(B) certification. *Doss v. Doss*, 2d Dist. Champaign No. 2021-CA-28 (Decision & Entry, Feb. 9, 2022) (*Doss I*), p. 12-15. We therefore remanded the case to the trial court to resolve this issue. On March 22, 2022, Holly notified us that she had withdrawn her motion for attorney fees, and we resumed consideration of the case. Since the briefs had been previously filed and the parties had not requested oral argument, this matter is ready for resolution.

## II. Motion for New Trial

{¶ 26} Joseph's first assignment of error states that:

The Trial Court Erred in Summarily Overruling the Motion for New

Trial Without Reviewing the Transcript, Presiding Over the Trial or at Least Ensuring That the Presiding Judge Decided the Motion for New Trial.

{¶ 27} Under this assignment of error, Joseph contends that Judge Reisinger erred in rejecting his motion for new trial. He bases this contention on several factors: 1) Judge Reisinger did not preside over the trial; (2) her decision does not indicate that she reviewed the trial transcripts; and (3) the record lacks any reason why Judge Brady withdrew. Thus, rather than deciding the motion, Judge Reisinger should have transferred the case back to Judge Brady or asked for him to be reappointed. According to Joseph, reviewing the transcript would have been impossible, anyway, as a complete transcript had not been filed.

{¶ 28} The trial court's decision on the motion for new trial was brief, and it stated only that "Defendant's Motion for New Trial filed May 25, 2021, is denied, as the reasons cited in Defendant's Motion for New Trial are for appellate review." Journal Entry 1 at p. 1.

{¶ 29} Joseph's motion for new trial was based on Civ.R. 59(A)(1), (3), (5), (6), (7), (8), and (9). As pertinent here, Civ.R. 59(A) provides that:

A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

* * *

(3) Accident or surprise which ordinary prudence could not have guarded against;

* * *

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7) The judgment is contrary to law;

(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

{¶ 30} "The purpose of Civ.R. 59 is to give trial judges the power to prevent a miscarriage of justice." *Meyer v. Srivastava*, 141 Ohio App.3d 662, 667, 752 N.E.2d 1011 (2d Dist.2001), citing *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 659 N.E.2d 1242 (1996).

{¶ 31} Our review of decisions on new trial motions depends on whether the issue is one of law or is a matter over which the trial court exercises discretion. On matters of law, we review de novo, and on discretionary issues, we consider whether the trial court

abused its discretion. *Rohde v. Farmer*, 23 Ohio St.2d 82, 83, 262 N.E.2d 685 (1970), paragraphs one and two of the syllabus.

{¶ 32} Joseph's brief does not challenge the factual correctness of the judge's decision, i.e., he does not claim that his motion for new trial should have been granted. Instead, he challenges the procedure by which the motion was considered. In this regard, Civ.R. 63(B) is instructive. This rule provides that:

> If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the Chief Justice of the Supreme Court, may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial.

{¶ 33} "A successor trial court is capable of presiding over a motion for new trial as Civ.R. 63(B) places such a ruling entirely within the trial court's discretion. Our standard of review is limited to a determination of whether the successor court abused its discretion in overruling the new trial motion." *Finn v. Krumroy Constr. Co.*, 68 Ohio App.3d 480, 489, 589 N.E.2d 58 (9th Dist.1990), citing *Elsnau v. Weigel*, 5 Ohio St.3d 77, 448 N.E.2d 1377 (1983). An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions

that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 34} According to Joseph, Judge Reisinger abused her discretion because there is nothing in the record indicating that she reviewed the transcript. Joseph further contends that review was impossible because a complete trial transcript was not filed until September 2, 2021, when the transcript was filed in the court of appeals. In response, Holly argues that a four-volume trial transcript was filed in the trial court on August 27, 2019. Holly then argues inconsistently (or as she phrased it, as if one were "to pretend" no transcript was filed) that Joseph failed in his duty to provide the evidence needed to support his motion. Appellee's Brief, p. 10. There is no need to "pretend" – the trial transcripts were, in fact, filed on August 27, 2019, and would have been available for review. In addition, other transcripts were filed in the trial court, including the December 12 and 14, 2018 transcripts relating to temporary orders (filed on May 10, 2019), the transcript of the April 15, 2019 evidentiary hearing (filed on August 16, 2019), and the transcript of the Cox CSPO hearing (filed on July 25, 2019).

{¶ 35} In the context of Civ.R. 59(A) motions, fulfillment of the Civ.R. 63(B) duties "may have included a review of the evidence." *Witt v. Akron Express, Inc.*, 4th Dist. Gallia No. 02CA5, 2002-Ohio-6314, ¶ 13. This means that a review of the evidence may not be needed. For example, a successor judge did not err in ruling on a motion for new trial where "the motion for a new trial lacked serious substantive grounds." *State v. Girts*,

121 Ohio App.3d 539, 566, 700 N.E.2d 395 (8th Dist.1997) (applying Civ.R. 59 standards in criminal case involving motion for new trial). In that case, the motion involved "a rather straightforward issue relating to an alleged discovery violation. It did not involve in any way matters that were addressed at trial, so there would have been no need for the designated judge to refer to portions of the transcript." *Id.*

{¶ 36} In contrast, where evidentiary matters are raised in a new trial motion, the successor judge should review the transcripts. The Supreme Court of Ohio has stressed that "where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general." *Rohde*, 23 Ohio St.2d at 92, 262 N.E.2d 685. This is "not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." *Id.* at paragraph three of the syllabus. *Accord Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 27. The same considerations would apply when successor judges rule on whether sufficient evidence supports a former judge's decision.

{¶ 37} In the case before us, the motion for new trial raised manifest weight arguments about several matters in the divorce decree, including parenting time, allocation of expenses for the children, the division of assets, and the attorney fee award. Motion of Joseph H. Doss for New Trial (May 25, 2021), p. 3, 4-5, and 6. The trial court's

legal basis for dismissal (the fact that the matters could be raised on appeal) was incorrect. While the issues could be raised on appeal, that is true for any manifest weight challenge. Nonetheless, Civ.R. 59(A)(6) specifically allows such challenges in motions for a new trial.

{¶ 38} In opposing this assignment of error, Holly also argues that because the trial transcript was part of the lower court record, a presumption of regularity erases any assumption that Judge Reisinger failed to review the transcript before ruling. Appellee's Brief at p. 6. This argument is unavailing, since the error here was a legal one and was not based on a failure to review transcripts.

{¶ 39} While a presumption of regularity generally applies to review of trial court proceedings, it is inappropriate where a decision was based on incorrect legal principles. *E.g., Natl. City Real Estate Servs. LLC v. Frazier*, 2018-Ohio-982, 96 N.E.3d 311, ¶ 77 (4th Dist.). The presumption is also typically applied where a party fails to furnish transcripts or parts of the record needed for appellate review. *Herhold v. Smith Land Co.*, 9th Dist. Summit No. 28032, 2016-Ohio-4939, ¶ 22; *Moder v. Letscher LLC*, 11th Dist. Trumbull No. 2004-T-0013, 2005-Ohio-700, ¶ 17.

{¶ 40} Holly also contends that even if error occurred, it was harmless because Joseph's motion was vague and alleged that Judge Brady had failed to consider various issues, when the judge actually had considered them in detail. However, the motion specifically challenged the weight of the evidence in connection with several conclusions in Judge Brady's divorce decree. This is a ground under Civ.R. 59(A), and Judge Reisinger's failure to consider these issues was not harmless error. Accordingly,

Joseph's first assignment of error is sustained.   This cause will be remanded so that Judge Reisinger can consider the motion for new trial.   As a successor judge, the judge should also review the trial transcripts, given that the motion asserts manifest weight challenges.

**{¶ 41}** In view of this ruling, we will not consider Joseph's arguments about the lack of reasons for Judge Brady's withdrawal.   We do note that the Supreme Court of Ohio granted Judge Brady's withdrawal motion on June 23, 2021, before Judge Reisinger resumed control of the case.   We also note that Judge Reisinger did not rule on Joseph's motion to recuse before Joseph filed his notice of appeal on July 28, 2021, and that matter is not before us.[2]

### III.   Recusal

**{¶ 42}** Joseph's second assignment of error states that:

> The Trial Court Abused Its Discretion in Denying Mr. Doss's Motion for Recusal and Transfer Back to the Presiding Judge.

**{¶ 43}** Under this assignment of error, Joseph contends that the trial court should have granted his motion for recusal and should have transferred the case back to Judge Brady to consider the motion for new trial.   As noted, this issue is not properly before us because the decision on the recusal motion was not made until after Joseph filed his notice of appeal.   Accordingly, the second assignment of error is overruled.

---

[2] The record before us does contain an August 9, 2021 journal entry by Judge Reisinger overruling Joseph's motion to recuse.   However, Joseph did not ask to amend his notice of appeal to include that order, nor, to our knowledge, has he filed a separate appeal concerning that decision.

## IV. Grant of Civ.R. 60(A) Motion

**{¶ 44}** Joseph's third assignment of error states that:

The Trial Court Abused Its Discretion in Granting a 60(A) Motion for Alleged Clerical Errors Which Resulted in an Internally Inconsistent Judgment and Improperly Increased the Marital Estate of Holly Doss by $30,000.

**{¶ 45}** Under this assignment of error, Joseph argues that the trial court abused its discretion in amending the judgment entry decree of divorce to correct a clerical error in the judgment. According to Joseph, the error was not clerical but was substantive. He further contends that Judge Brady should have made the decision because he presided over the case. Due to our resolution of the new trial issue, this assignment of error is not yet ripe for review.

**{¶ 46}** Specifically, should the trial court decide to grant the motion for new trial, Holly could appeal that decision. *See* R.C. 2505.02(B)(3); *Colvin v. Abbey's Restaurant, Inc.*, 85 Ohio St.3d 535, 538, 709 N.E.2d 1156, fn. 1 (1999) ("the granting of a motion for a new trial is a final appealable order under R.C. 2505.02"). If the decision were then upheld on appeal, a new trial would occur, and any issues concerning the original divorce decree would be moot.

**{¶ 47}** Furthermore, if the trial court denies the motion for new trial and Joseph timely and properly appeals from that judgment, the divorce decree and the new trial decision would be before us. *See* App.R. 4(B)(2)(b), which contains an exception to the

30-day time period for filing notices of appeal where a party has filed a motion for new trial under Civ.R. 59(A). In that situation, "the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings." *See also Jones v. Carpenter*, 2017-Ohio-440, 84 N.E.3d 259, ¶ 14 (10th Dist.), citing *State ex rel. Bd. of State Teachers Retirement Sys. v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 48 ("[a] party may only appeal a judgment denying a post-trial motion, such [as] a motion for new trial, if an underlying final, appealable order exists"); *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 15 (divorce decree resolving the rights of the parties is a final appealable order).

{¶ 48} The third assignment of error, therefore, is overruled because it is not yet ripe for review.


V.   Allocation of Debt

{¶ 49} Joseph's fourth assignment of error states as follows:

> The Trial Court's Failure to Consider the Debt of Joseph Doss to Andrew Doss Was Against the Manifest Weight of the Evidence.

{¶ 50} Joseph's argument concerning this assignment of error is similar in context to the third assignment of error and involves debt that Joseph contends he was required to pay back to his father. Again, due to our decision on the motion for new trial, this assignment of error is not yet ripe for review and is overruled on that basis.

### VI.   Denial of Motion to Supplement the Record

{¶ 51} Joseph's fifth assignment of error states that:

The Trial Court Abused Its Discretion in Summarily Denying the Motion to Supplement the Record.

{¶ 52} Under this assignment of error, Joseph contends that due to the length of time (15 months) between the close of evidence and the issuance of the divorce decree, the trial court should have granted his motion to supplement the record.   According to Joseph, this was necessary to consider changes in the children's maturity levels.   In addition, Joseph argues that the court should have considered Holly's alleged misconduct during the 15-month interim.

{¶ 53} The motion to supplement was filed on September 25, 2020, prior to the filing of the divorce decree.   The court stated in the divorce decree that it was considering the following matters:

Three Motions will * * * be decided herein along with the Decision and Decree as part of the final hearing: Plaintiff's Motion for Attorney Fees, Plaintiff's Motion *in limine* over the presentation of Defendant's evidence, and Defendant's Amended Motion for Contempt filed March 7, 2019.

Additionally, the Court had before it the final hearing on the Plaintiff's Petition for a Civil Protection Order [hereinafter referred to as CPO].

Decision & Judgment Entry Decree of Divorce (May 3, 2021), p. 1-2.   Consequently, the court did not rule on the motion to supplement as part of this decision.

{¶ 54} On May 3, 2021, the trial court also filed an entry considering and dismissing

"all pending motions filed in this case not addressed by the Decision and Final Decree of Divorce." Journal Entry (May 3, 2021), p. 1. These motions would have included the September 25, 2020 motion to supplement. Our recent decision concluded that this entry was a final appealable order because it affected the parties' "substantial rights." *Doss I*, 2d Dist. Champaign No. 2021-CA-28, at p. 11. We further noted that "[a]t that point, to protect these rights, appeal was the only remedy." *Id.*

{¶ 55} Our decision also stressed that:

Not all the judgments entered on May 3, 2021 were listed in the notice of appeal, nor were they attached. "App.R. 3 dictates how a party appeals (as of right) a trial court's judgment or order. According to paragraph (A), 'the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal.' " *S. Christian Leadership Conference v. Combined Health Dist.*, 191 Ohio App.3d 405, 2010-Ohio-6550, 946 N.E.2d 282, ¶ 9 (2d Dist.), quoting *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322, 649 N.E.2d 1229 (1995). "The issue then becomes whether the notice contains any other defects, and if it does, whether sanctions are warranted." *Id.* "App.R. 3(D) dictates the items a notice of appeal must specify. Among them, '[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from.' " *Id.*, quoting App.R. 3(D). *Compare USA Freight, L.L.C. v. CBS Outdoor Group, Inc.*, 2d Dist. Montgomery No. 26425, 2015-Ohio-1474, ¶ 15 (noting that App.R. 3(D) requires final orders to be listed, but does not require listing

of interlocutory orders that merge into the final judgment); *Fredette v. Rion,
Rion, & Rion*, 2d Dist. Montgomery No. 27616, 2018-Ohio-1725, ¶ 6 (orders
that do not merge and are not included cannot be considered).

*Doss I* at p. 12, fn. 2.

{¶ 56} "When appellate courts are presented with other defects in the notice of
appeal, they have discretion to decide if sanctions, including dismissal, are justified."
*Avery v. Avery*, 2d Dist. Greene No. 2001-CA-100, 2002 WL 360296, *1 (Mar. 8, 2002),
citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229, syllabus
(1995). We have refrained from dismissing appeals or cross-appeals where a party's
intent to appeal a particular matter could be discerned from the language of the notice of
appeal, and the opposing party had notice of the appeal and an opportunity to respond.
*Id.* (noting that the language in the notice of appeal "could have been better worded").

{¶ 57} Although the motion for new trial suspended the appeal time until that
motion was decided, Joseph's notice of appeal filed on July 28, 2021, clearly specified
the judgments from which he was appealing. These included:

    1.  The Decision, Judgment Entry and Decree of Divorce and Order
of Protection entered in a consolidated case on May 3, 2021;

    2.  The Journal Entry denying Defendant's Motion for New Trial
entered on July 13, 2021;

    3.  The Journal Entry denying Defendant's Motion for Stay entered
on July 13, 2021;

    4.  The Journal Entry of July 13, 2021 granting Plaintiff Holly Doss's

60(A) motion;

     5.   The Trial Court's denial of the Defendant's Motion for Recusal, which has merged into the final Order of July 13, 2021; and

     6.   The Orders consolidating the Plaintiff's request for a Civil Protection Order and denying the Motion for New Trial on the Civil Protection Order which were merged into the final order of July 13, 2021.

Notice of Appeal (July 28, 2021), p. 1-2.[3]

**{¶ 58}** The following judgments were attached to the notice of appeal: the May 3, 2021 Decision and Judgment Entry Decree of Divorce; the May 3, 2021 CPO order for Holly; and the July 13, 2021 Journal Entry 1 (which related to denial of the motion for new trial).

**{¶ 59}** The May 3, 2021 Journal Entry overruling all pending motions, including the motion to supplement, was not included in the notice of appeal, nor was it attached to the July 28, 2021 notice of appeal. It was also not an interlocutory order that merged into the May 3, 2021 divorce decree (since it had not yet been ruled on), and it would not have merged into the post-trial entries filed on July 13, 2021. "An interlocutory order is '[a]n order that relates to some intermediate matter in the case; any order other than a final order.'" *USA Freight,* 2d Dist. Montgomery No. 26425, 2015-Ohio-1474, at ¶ 15, quoting *Black's Law Dictionary* (10th Ed.2014). A motion for a continuance is an example of an

---

[3] As previously noted, the denial of Joseph's motion for recusal did not merge into the July 13, 2021 judgment, because the trial court did not rule on that motion until August 9, 2021. The original trial judge did recuse herself in August 2018, but that was not a denial of a motion to recuse. Instead, the judge agreed to recusal. Joseph's assignment of error regarding recusal also clearly relates to the August 9, 2021 recusal, which apparently has not been appealed.

interlocutory order that merges into a final judgment. *Id.* Other examples would be discovery orders. *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 9 (2d Dist.).

{¶ 60} Unlike motions for continuances, the May 3, 2021 journal entry overruling all pending motions was a separate final order of the court, and it should have been included in the items listed in the notice of appeal. Because Joseph failed to appeal that judgment, it is final, and we will not consider any of the pending motions encompassed in that order.

{¶ 61} Accordingly, the fifth assignment of error is overruled.


VII.   Reduction of Parenting Time

{¶ 62} Joseph's sixth assignment of error states as follows:

The Court's Substantial Reduction of Parenting Time of Mr. Doss Was Error and Against the Manifest Weight of the Evidence.

{¶ 63} Under this assignment of error, Joseph points to various ways in which he believes the trial court's divorce decree deprived him of sufficient parenting time and was against the manifest weight of the evidence. As with other assignments of error, this issue could be impacted by the trial court's decision on the motion for new trial. As a result, the sixth assignment of error is overruled as not yet ripe for review.


VIII.   Award of Attorney Fees

{¶ 64} Joseph's seventh assignment of error states that:

The Trial Court Abused Its Discretion in Awarding $75,000 in
Attorney's Fees for Alleged Misconduct by Defendant Which Was Also
Against the Manifest Weight of the Evidence.

{¶ 65} In connection with this assignment of error, Joseph argues that the trial court's award of $75,000 in attorney fees to Holly was an abuse of discretion because the court failed to outline which actions caused the fees, and it did not consider his ability to pay. As with several other assignments of error, the trial court's decision on fees could be impacted if a new trial is granted. Consequently, the seventh assignment of error is overruled as not yet ripe for review.

IX. Grant of the CPO

{¶ 66} In his eighth assignment of error, Joseph states that:

The CPO Was Against the Manifest Weight of the Evidence as There

Is No Admissible Evidence of a Pattern of Conduct.

{¶ 67} Under this assignment of error, Joseph contends that the trial court's decision to grant the CPO protecting Holly was against the manifest weight of the evidence. Joseph's argument is based on alleged error in consolidating the CPO with the divorce action; the trial court's use of hearsay evidence; insufficient evidence supporting a CPO; and the duration of the order.

{¶ 68} As previously noted, the trial court's divorce judgment included a final decision on the CPO. Consequently, resolution of the motion for new trial may impact the CPO decision. This assignment of error, therefore, is not ripe for review and is

overruled.

## X. Conclusion

**{¶ 69}** Based on the preceding discussion, the first assignment of error is sustained, and the third, fourth, sixth, seventh, and eighth assignments of error are overruled because they are not ripe for review. The second and fifth assignments of error are overruled because the judgments in question were not appealed.

**{¶ 70}** After the trial court resolves the motion for new trial, both parties will have an opportunity to appeal from that judgment. If the court grants the motion for new trial, Holly would be entitled to appeal. *See* R.C. 2505.02(B)(3); *Colvin*, 85 Ohio St.3d at 538, 709 N.E.2d 1156, fn.1.

**{¶ 71}** If the court denies the motion for new trial, Joseph may again appeal from the divorce decree as well, since the filing of a motion for new trial stays the time for filing a notice of appeal of the underlying judgment. *See* App.R. 4(B)(2)(b); *Jones*, 2017-Ohio-440, 84 N.E.3d 259, at ¶ 14; *Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, at ¶ 15.

**{¶ 72}** Accordingly, the judgment on the motion for new trial will be reversed, and that matter will be remanded for further proceedings consistent with this opinion. The appeal of the divorce decree is dismissed because the issues raised therein are not yet ripe for review.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

John H. Cousins, IV
Christopher J. Geer
Dale D. Cook
Miranda A. Warren, GAL
Hon. Lori L. Reisinger